IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 07-01344-TUC-CKJ(HCE) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Rebecca Diaz, | |
| Defendant. | |

Presently pending before the Court is a Petition to Revoke Supervised Release (Doc. 121). This matter came on for hearing on March 9, 2011. The Government called U.S. Probation Officer Ms. Randy Fernandez (hereinafter "USPO Fernandez") to testify. Admitted into evidence were: (1) Government Exhibit 1: Judgment dated January 24, 2008; and (2) Government Exhibit 2: Waiver and Order dated May 17, 2010. Defendant testified on her own behalf.

Transcript of testimony presented was filed on March 16. 2011 and is forwarded to the District Court for review and consideration.

After review of testimony given, exhibits introduced, and argument by counsel, the Court finds that the Government has proven by a preponderance of the evidence that Defendant violated her conditions of supervised release and recommends that the District accept and adopt such finding.

## I. PROCEDURAL BACKGROUND

On January 23, 2008, Defendant was sentenced to the Bureau of Prisons for 12 months, followed by 36 months of supervised release that commenced on December 12, 2008. (Doc. 74). The District Court ordered Standard Condition No. 3, which states:

> You shall report to the Probation Officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.

(*Id.*). Violation of this condition is Allegation A of the Petition to Revoke Supervised Release. (Doc. 121). It is alleged that factually:

> Diaz failed to report to the Probation Office in October, and did not submit a written report in October.

(*Id.*). This violation is a Grade C violation, and based upon Defendant's Criminal History Category I, is subject to a recommended range of incarceration of 3 to 9 months, pursuant to U.S.S.G. §7B1.1(a)(3).

On May 18, 2010, the District Court modified Defendant's conditions of supervised release and ordered Special Condition No. 5, which states:

> You shall reside and participate in a sober living environment or a residential treatment re-entry center for up to 180 days, unless discharged earlier by the probation officer.

(Doc. 120). In anticipation of the District Court's order of May 18, 2010, U.S. Probation Officer Ms. Elizabeth R. Kraft (hereinafter "USPO Kraft") on April 30, 2010 witnessed Defendant's signed acknowledgment of this modification of her conditions of supervised release. (*Id.*). Violation of this condition is Allegation B of the Petition to Revoke Supervised Release. (Doc. 121). It is alleged that factually:

> On October 12, 2010, Diaz was unsuccessfully discharged from Oasis House Transitional Services for a multitude of violations.

(*Id.*). This violation is a Grade C violation, and based upon Defendant's Criminal History Category I, is subject to a recommended range of incarceration of 3 to 9 months, pursuant to U.S.S.G. §7B1.1(a)(3).

## II. TESTIMONY

The Government called USPO Fernandez, who has been employed as a U.S. Probation Officer for nearly 15 years, to testify. (U.S. Probation Officer Ms. Randy Fernandez March 9, 2011 Testimony at p. 4-5, hereinafter "Fernandez at p. _"). She assumed supervision of Defendant from USPO Kraft. (*Id.* at p. 5).

Although USPO Fernandez was not present when the judgment and Waiver and Order were reviewed with Defendant by USPO Kraft, it is the practice of the U.S. Probation Office to have a defendant sign both once it is determined that the defendant understands both and, herein, both were signed by Defendant and USPO Kraft. (*Id.* at pp. 7-12).

The judgment signed by Defendant includes Standard Condition No. 3 which requires her to report to the probation office as directed by the Court or probation officer and submit a truthful and complete written report within the first five days of each month. (*Id.* at p. 12). As of October 2010, Defendant has failed to report to USPO Fernandez. (*Id.* at p. 14). On November 29, 2010, Defendant called USPO Fernandez and left a message at her office advising that she was no longer at her half-way house placement and asked USPO Fernandez to call her back. (*Id.* at p. 15). When USPO Fernandez returned to her office on December 6, 2010, she called Defendant's cell-phone, but apparently Defendant either had her phone on "off" or was out of range. (*Id.*). Defendant's message to USPO Fernandez was the last time that she heard from Defendant. (*Id.*).

The Waiver and Order signed by Defendant required her to reside and participate in a sober living environment or residential re-entry center for up to 180 days, herein Case Santa Clara Transitional Living Services-Oasis House for Women, beginning on May 31, 2010. (*Id.* at pp. 15-16, 19). Defendant resided there for approximately four and one-half months when USPO Fernandez received a fax from Oasis House for Women on October 14, 2010, advising that Defendant had been discharged. (*Id.* at pp. 16, 19)[1]. Defendant was not

---

[1]Defendant testified that she had been previously told by USPO Kraft that she would be placed back into the Bureau of Prisons if she were discharged from Oasis House for

1 discharged by USPO Fernandez, but rather, by Oasis House for Women. (*Id.* at pp. 16-17).
2 Defendant's transgressions culminating in her discharge from Oasis House for Women were
3 that; (1) she falsified sign-in/sign-out[2]; (2) she signed out for work every day from September
4 1, 2010 to October 12, 2010, yet her pay stubs reflected but 30 hours of employment from
5 September 1 to the 15th, and 37 hours of employment from September 15 to the 30th; (3) she
6 attended only one of nine group sessions for the month of September[3]; (4) she did not attend
7 any of the individual sessions with the therapist for the month of September, failing to make
8 appointments as instructed[4]; (5) she did not participate in the cleaning chores expected of all
9 residents at Oasis House for Women[5]; (6) she stayed out past curfew, which is allowed only
10 if she is at work or at a meeting. (*Id.* at pp. 24-25). Defendant agrees that she violated her
11 conditions of supervised release. (Diaz at pp. 38-41).

12 **III. CONCLUSION**

13 The Magistrate judge finds that the Government has proven by a preponderance of the
14 evidence that Defendant was informed of and acknowledged knowing her conditions of
15 supervised release as evidenced by her signing the judgment and Waiver and Order forms.
16 *United States v. Simmons*, 812 F.2d 561, 565 (9th Cir. 1987)(when the proscribed act is not
17 criminal, the individual must receive actual notice); 18 U.S.C. 3583(e)(3). Defendant is
18 presumed to be innocent of the allegations and is not required to testify or present other

---

Women, so she did not automatically file in October, yet she did not know until the end of November 2010 that she was going to be discharged. (Rebecca Diaz March 9, 2011 Testimony at pp. 26-27, hereinafter "Diaz at p. _").

[2] Defendant testified that she did not falsify any sign-in/sign-outs and always told the case manager when she was leaving and where she was going. (Diaz at p. 32).

[3] Defendant testified that she would always go to her group therapy sessions. (Diaz at p. 32-33).

[4] Defendant testified that individual therapy sessions were scheduled once a month and that they were scheduled at a time when she was at work. (Diaz at p. 36).

[5] Defendant testified that the cleaning chores were scheduled at night when she was at work. (Diaz at pp. 34-35).

- 4 -

evidence to rebut.

In the instant case, however, Defendant did testify but offered no credible reason for why she failed to submit a truthful and complete written report within the first five days of October 2010. USPO Fernandez received a fax from Oasis House for Women on October 14, 2010 advising that Defendant had been discharged. Defendant did not forward any information to USPO Fernandez regarding her discharge until November 29, 2010 when she left a message for USPO Fernandez stating that she had been discharged.[6] Defendant testified that she was discharged from Oasis House for Women, proffering that she was constructively discharged from Oasis House for Women because the multitude of violations ascribed to her were because her employment invariably conflicted with her ability to abide by her obligations while residing there.

## IV. RECOMMENDATION

For the Foregoing reasons, the Magistrate judge recommends that the District court accept and adopt the Magistrate Judge's finding that Defendant violated: (1) Standard Condition No. 3 (Allegation A) in that she failed to report to the U.S. Probation Office in October and did not submit a written report for that month; and (2) Special Condition No. 5 (Allegation B) in that she was discharged unsuccessfully from Oasis House for Women for a multitude of violations.

Pursuant to 28 U.S.C. §636 (b), Rule 59 of the Federal Rule of Criminal Procedure, LRCrim 12.1 and LRCiv 7.2(e), any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. If objections are filed, the parties should use the following case number: **CR 07-01344-TUC-CKJ**.

---

[6]USPO Kraft made a note to the probation file that Defendant's mother had called asked if Defendant could have another chance because Defendant did not want to go back to prison. USPO Kraft advised Defendant's mother that she would have to talk directly to Defendant. Defendant later left a message asking USPO Kraft to call her on her cell phone. USPO Kraft called Defendant and left a message directing Defendant to report where she is staying and to provide copies of recent paychecks. (Fernandez at p. 20).

1  Failure to file objections in accordance with Fed.R.Crim.P. 59 will result in waiver
2 of the right to review.
3  DATED this 18th day of March, 2011.

*[signature]*
Héctor C. Estrada
United States Magistrate Judge